```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                         EASTERN DIVISION


ZONE D'EROTICA, INC.,              )
d/b/a Johnny O's,                  )
                                   )
              Plaintiff,           )
                                   )
         v.                        )   No.  4:05CV542 FRB
                                   )
JAY NIXON, Attorney General of     )
the State of Missouri,             )
                                   )
              Defendant.           )
```

## MEMORANDUM AND ORDER

Presently pending before the Court is defendant Missouri Attorney General Jay Nixon's Motion to Dismiss, or in the Alternative, to Transfer Venue to the Western District of Missouri (filed April 13, 2005/Docket No. 8).  All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

In this declaratory judgment action, plaintiff Zone D'Erotica, Inc., requests the Court to declare provisions of Mo. Rev. Stat. § 226.531 (2004) unconstitutional as applied to plaintiff, and to enjoin defendant from violating plaintiff's constitutional rights through the enforcement of Mo. Rev. Stat. § 226.531.  Plaintiff is a Missouri corporation with its principal place of business in St. Louis County, Missouri.  Defendant, the attorney general for the State of Missouri, resides and keeps his principal office in Jefferson City, Missouri.

In the instant motion, defendant attorney general contends that this cause was improperly filed in this district inasmuch as venue does not lie in the Eastern District of Missouri, and requests that the Court dismiss the cause under Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a), or transfer the matter to the United States District Court, Western District of Missouri, where proper venue lies. Alternatively, defendant seeks to transfer the matter to the Western District pursuant to 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses. Plaintiff has responded to the motion, to which defendant has replied. For the following reasons, venue does not lie in this district and the matter should be transferred to the United States District Court, Western District of Missouri, pursuant 28 U.S.C. § 1406(a).

In a federal question case, venue is determined under 28 U.S.C. § 1391(b):

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

When an objection to venue is made, the plaintiff must establish

facts demonstrating that the district chosen is a proper venue. See Beckley v. Auto Profit Masters, L.L.C., 266 F. Supp. 2d 1001, 1003 (S.D. Iowa 2003) (citing Cohen v. Newsweek, Inc., 312 F.2d 76, 78 (8th Cir. 1963); Wright, Miller & Cooper, Federal Practice & Procedure: Jurisdiction 2d § 3826 (2d ed. 1986)). In response to defendant's objection to the plaintiff's chosen district here, plaintiff contends that venue is proper under § 1391(b)(1) in that the attorney general resides in the Eastern District of Missouri, and under § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of Missouri and/or a substantial part of property that is the subject of this action is situated in this district.

A.  *Section 1391(b)(1) -- Residence of Defendant*

The attorney general for the State of Missouri is the only defendant named in this cause. Under § 1391(b)(1), therefore, venue is proper in a judicial district in which the defendant attorney general resides.

In the absence of a federal statute providing otherwise, the determination of where a party "resides" is generally a matter of state law. See Napletana v. Hillsdale Coll., 385 F.2d 871, 872 (6th Cir. 1967) (federal courts customarily look to state law for definition of terms which are direct products of state law, such as "domicile"); e.g., In re Knapp, 575 F.2d 341 (2d Cir. 1978) (in determining proper place to file security interest under UCC,

"residence" of debtor is determined under state law); J.S. v. Shoreline Sch. Dist., 220 F. Supp. 2d 1175, 1192 (D. Wash. 2002) (and cases cited therein) ("residence" for purposes of Individuals with Disabilities Education Act is determined under state law); cf. United States v. Taylor, 828 F.2d 630, 634 (10th Cir. 1987) (state statutory provisions defining "residence" not controlling where relevant federal statute and regulations set out rule). The undersigned is not aware of any federal statute or regulation relevant to the instant cause which sets out a rule governing where a party to such an action is considered to "reside," and plaintiff cites to none. Accordingly, the Court turns to Missouri state law to determine the official residence of the attorney general.

Under Missouri law, the attorney general of the State "reside[s] at the seat of government and keep[s] his office in the supreme court building." Mo. Rev. Stat. § 27.010; see also Mo. Const. Art. IV § 20 (the executive officials and departments "shall establish their principal offices and keep all necessary public records, books and papers at the City of Jefferson."). Although the attorney general, through his agents, maintains branch offices located throughout the State of Missouri, including within the Eastern District of Missouri, the attorney general's official residence is nevertheless mandated by state law to be at the seat of government, that is, in Jefferson City, Cole County, Missouri. See State ex rel. Spradling v. Bondurant, 501 S.W.2d 527, 529 (Mo.

Ct. App. 1973) (citing <u>State ex rel. Toberman v. Cook</u>, 281 S.W.2d 777 (Mo. banc 1955)).[1]  Cole County is located within the Western District of Missouri.  28 U.S.C. § 105(b)(4).  Accordingly, for purposes of the venue statute, the defendant attorney general resides in the Western District of Missouri.  Because the attorney general, the sole defendant named in the instant cause, does not reside within the Eastern District of Missouri, venue does not lie in this district under 28 U.S.C. § 1391(b)(1).

B.  *Section 1391(b)(2) -- Substantial Part of Events or Property*

Prior to the Judicial Improvements Act of 1990, 28 U.S.C. § 1391(b)(2) provided for venue to lie in "*the* judicial district . . . in which the *claim arose*."  28 U.S.C. § 1391(b)(2) (1988) (emphasis added).  As such, where more than one judicial district provided a potential forum for a dispute, district courts were to look to the "weight of the contacts" to determine which single district was the best venue.  See <u>Missouri House Dev. Comm'n v. Brice</u>, 919 F.2d 1306, 1312 (8th Cir. 1990) (citing <u>Leroy v. Great W. United Corp.</u>, 443 U.S. 173 (1979)).  The statute was amended in 1990, however, and now provides for venue in any district where a

---

[1] While the maintenance of branch offices in this district may be relevant in determining the existence of personal jurisdiction over the attorney general, the concepts of personal jurisdiction and venue "are independent of each other and must be interpreted with their respective underlying objectives and rationales in mind."  <u>Critzas Indus., Inc. v. Waterway-Creve Coeur, Inc.</u>, 652 F. Supp. 56, 62 (E.D. Mo. 1986).

substantial part of the events or omissions giving rise to the claim occurred, or where a substantial part of property that is the subject of the action is situated. 28 U.S.C. § 1391(b)(2) (1991). Now, under the amended statute, "we do not ask which district among two or more potential forums is the 'best' venue, rather, we ask whether the district the plaintiff chose had a substantial connection to the claim, whether or not other forums had greater contacts." Pecoraro v. Sky Ranch for Boys, Inc., 340 F.3d 558, 563 (8th Cir. 2003) (addressing "substantial part" language of § 1391(a)).

In its "Complaint for Declaratory and Injunctive Relief and Damages" filed in the instant cause, plaintiff Zone D'Erotica, Inc., makes the following claims: Within the Eastern District of Missouri, Zone D'Erotica, Inc., owns two retail establishments wherein videotapes, magazines, DVD's, and books depicting or describing nude or partially clothed persons and/or sexual activity are sold. Such businesses also include an assortment of items which are not classified as "adult items," including lingerie, swim wear, other clothing articles, shoes, oils, lotions, and novelty items. Plaintiff currently advertises its businesses, in part, through the use of billboards that are located within one mile of a state highway. Plaintiff intends to open additional stores in the State of Missouri and intends to use billboard advertising for such stores.

Section 226.531 of the Missouri Revised Statutes provides that:

> [n]o billboard or other exterior advertising sign for [a] . . . sexually oriented business shall be located within one mile of any state highway except if such business is located within one mile of a state highway then the business may display a maximum of two exterior signs on the premises of the business, consisting of one identification sign and one sign solely giving notice that the premises are off limits to minors. . . .

Mo. Rev. Stat. § 226.531.2.

Under § 226.531.1(3), a "sexually oriented business" is "any business which offers it patrons goods of which a substantial portion are sexually oriented materials. Any business where more than ten percent of display space is used for sexually oriented materials shall be presumed to be a sexually oriented business[.]" Section 226.531.1(4) defines "sexually oriented materials" as "any textual, pictorial, or three dimensional material that depicts nudity, sexual conduct, sexual excitement, or sadomasochistic abuse in a way which is patently offensive to the average person applying contemporary adult community standards with respect to what is suitable for minors."

In its complaint, plaintiff contends that the definition of a sexually oriented business in § 226.531 is unconstitutionally overbroad in that it includes businesses, including plaintiff's

retail establishments, whose sexually oriented materials are *not* a substantial portion of goods offered to their patrons, but which make up more than ten percent of the stores' display space. Plaintiff contends the challenged legislation attempts to restrict the display of such materials and targets the message conveyed by the materials sold by plaintiff and thus constitutes unlawful censorship and unlawful prior restraint of free speech in violation of the First Amendment. Plaintiff also contends that the advertising restrictions imposed by the legislation target free speech in violation of the First Amendment in that such restrictions apply to businesses classified by their message and do not apply to other businesses similarly situated. Plaintiff contends that "[t]he challenged statute will substantially interfere with the expansion of Plaintiff's business in the State of Missouri, and will directly interfere with the constitutionally protected message of Plaintiff's business." (Compl. at 7.) Plaintiff therefore seeks to have defendant enjoined from enforcing Mo. Rev. Stat. § 226.531, arguing that such enforcement would constitute an unlawful prior restraint and an abridgement of plaintiff's free speech in violation of the First Amendment; and would violate the equal protection rights of plaintiff, its employees and the public at large. Plaintiff further requests the Court to declare provisions of § 226.531 unconstitutional as applied to plaintiff.

The undersigned notes that plaintiff does not allege in its complaint that the attorney general has attempted to enforce Mo. Rev. Stat. § 226.531 against it or its businesses,[2] or that it has sustained damage as a result of Mo. Rev. Stat. § 226.531. Nor does plaintiff seek to recover monetary damages as a form of relief. Instead, as set out above, plaintiff seeks only declaratory and prospective injunctive relief in this cause of action.

In Public Serv. Comm'n of Utah v. Wycoff Co., 344 U.S. 237 (1952), the Supreme Court recognized that in a case of actual controversy, the Declaratory Judgment Act confers discretion on the federal courts to declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Id. at 241; see also 28 U.S.C. § 2201. Where the nature of a plaintiff's declaratory judgment action seeks, in essence, to assert a defense to impending or threatened state court action, the federal court must look to the character of the threatened action, and not of the asserted defense, in determining whether it has jurisdiction over the cause. Id. at 248.[3] Likewise, in determining venue in actions seeking

---

[2]In his reply brief in support of the instant motion, defendant attorney general avers that he "has not filed suit against anyone in the State seeking to enforce § 226.531[.]" (Deft.'s Reply at 5.)

[3]The Supreme Court noted that the federal courts "must be alert to avoid imposition upon their jurisdiction through obtaining . .

injunctive relief, the federal court is required "to focus on relevant activities of the defendant, not of the plaintiff." Woodke v. Dahm, 70 F.3d 983, 985 (8th Cir. 1995) (addressing general venue statute, and specifically § 1391(b)(2), in action seeking injunctive relief under federal statute). As such, in an action seeking declaratory and injunctive relief, such as that brought by the plaintiff here, the *defendant's* relevant activity is the principal factor to consider in determining whether the action is properly before the chosen court. Wycoff Co., 344 U.S. at 248; Woodke, 70 F.3d at 985.

In this cause, the defendant's relevant action challenged by the plaintiff is the enforcement of a legislatively enacted state statute. The enforcement of the laws of the State, including "decid[ing] where and how to litigate issues involving public rights and duties and to prevent injury to the public welfare," is among the official duties performed by the attorney general for the State of Missouri. State ex rel. Igoe v. Bradford, 611 S.W.2d 343, 347 (Mo. Ct. App. 1980) (citing State ex rel. Taylor v. Wade, 231 S.W.2d 179 (Mo. banc 1950)). The attorney general performs his official duties from his principal office, which, by law, is located at the seat of government. State ex rel. Spradling, 501

---

. premature interventions, especially in the field of public law. A maximum of caution is necessary in the type of litigation . . . where a ruling is sought that would reach far beyond the particular case." Wycoff Co., 344 U.S. at 243.

S.W.2d at 529. As such, any prospective enforcement of Mo. Rev. Stat. § 226.531 by the attorney general would be performed from his principal office at the seat of government, that is, in Jefferson City, Missouri. To the extent plaintiff argues that the *effect* of any prospective enforcement would be felt by its businesses located in the Eastern District of Missouri, the undersigned reiterates that in an action seeking declaratory and/or injunctive relief, it is the *defendant's* conduct giving rise to the claim which determines whether an action properly lies in a given court. Wycoff Co., 344 U.S. at 248; Woodke, 70 F.3d at 985. Any prospective harm to the plaintiff here can occur only on the action of the defendant. Because the challenged action of the defendant can occur only in the Western District of Missouri, it cannot be said that a substantial part of the events *giving rise* to plaintiff's claim occurred, or will occur, in this district. In this action seeking declaratory and injunctive relief, the mere presence of a potential adverse economic effect is insufficient to establish the connection required for venue to lie in this district under § 1391(b)(2). See Woodke, 70 F.3d at 985.

To the extent plaintiff argues that the presence of its retail businesses in the Eastern District of Missouri establishes venue under that language of § 1391(b)(2) which permits venue in a judicial district in which "a substantial part of property that is the subject of the action is situated," the undersigned notes that

the property clause of § 1391(b)(2) is directed to those actions where "the property is the very subject of the suit," see 28 U.S.C. § 1391, Commentary on 1988 and 1990 Revisions of Section 1391, such as property disputes or in rem actions. Cf. Falcoal, Inc. v. Turkiye Komur Isletmeleri Kurumu, 660 F. Supp. 1536 (S.D. Tex. 1987) (discerning the meaning of "property that is the subject of the action" under 28 U.S.C. § 1391(f)(1)).[4] Because the instant cause of action is neither, the property clause of § 1392(b)(2) is inapplicable here.

Accordingly, plaintiff has failed to establish facts demonstrating that the Eastern District of Missouri is a proper venue in this action. Because the information before the Court undisputably shows venue to lie in the Western District of Missouri under 28 U.S.C. § 1391(b)(1) and (b)(2), the undersigned determines it to be in the interest of justice to transfer this cause to the Western District of Missouri for all further proceedings. See 28 U.S.C. § 1406(a).

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that defendant Missouri Attorney

---

[4]The undersigned further notes that in unreported cases, other courts have determined the "property" clause of the venue statute to apply only to those cases concerning the disposition of real or personal property. See, e.g., American High-Income Trust v. AlliedSignal, Inc., No. CIV.A. 00-690 GMS, 2002 WL 373473 (D. Del. Mar. 7, 2002); Christopher v. United States, No. 01-3613 MMC, 2001 WL 1256915 (N.D. Cal. Oct. 12, 2001).

General Jay Nixon's Motion to Dismiss, or in the Alternative, to Transfer Venue to the Western District of Missouri (Docket No. 8) is granted to the extent defendant seeks to transfer this cause to the United States District Court, Western District of Missouri, under 28 U.S.C. § 1406(a). In all other respects, defendant's motion is denied.

**IT IS FURTHER ORDERED** that this cause is hereby transferred to the United States District Court, Western District of Missouri, for all further proceedings.

*[signature: Frederick R. Buckles]*
UNITED STATES MAGISTRATE JUDGE

Dated this _16th_ day of May, 2005.